# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN
# BANKRUPTCY DIVISION

In re:

INNOVATIVE COMMUNICATIONS
CORPORATION,

    Debtor.
_____/

STAN SPRINGEL, CHAPTER 11
TRUSTEE OF THE BANKRUPTCY
ESTATE OF INNOVATIVE
COMMUNICATION CORPORATION,

    Plaintiff,

- against -

LAWRENCE H. SCHOENBACH, ESQ.,

    Defendant.
_____/

Chapter 11
Case No. 07-30012-JFK

Adv. Proc. No 09-03088-MFW

Hearing Date:
Objection Deadline:
Related to: Docket Entry 1

## DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING
## IN LIEU OF AN ANSWER AND
## INCORPORATED MEMORANDUM OF LAW

Defendant, Lawrence H. Schoenbach, Esq., an attorney duly licensed to practice law in the U.S. Virgin Islands and before the bar of this Court appears *pro se*, and respectfully moves this Honorable Court for an Order pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012, dismissing with prejudice all claims alleged against him in Plaintiff's Adversary Complaint, and granting such other and further relief as this Court deems just and proper.

This Motion to Dismiss and incorporated Memorandum of Law is filed in lieu of an Answer to the allegations made in Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(b)

As set forth below, Plaintiff's claims are fatally defective because they are time barred, lack a factual basis for actual or constructive fraudulent conveyance, fail to allege any nexus for the application of New York, Florida or Virgin Island substantive law, and are premature under 11 U.S.C. § 502(d).

## **BACKGROUND**

1.      An involuntary bankruptcy petition was filed against Innovative Communication Corporation ("ICC" or "the company") on July 5, 2007. (*See* Case No. 07-30012, DE 1.) An order for relief was entered on September 21, 2007. (Case No. 07-30012, DE 60).

2.      On September 21, 2009, Plaintiff filed the instant adversary proceeding seeking to recover from Mr. Schoenbach legal fees paid to him by ICC in 2002 and 2003 for legal services provided by Mr. Schoenbach to the company.[1] Plaintiff characterizes these payments as pre-petition transfers by ICC to Mr. Schoenbach, and attached to the Complaint a schedule (*see* Exhibit A) that identifies the legal fees paid. Exhibit A to the Complaint states that the first payment was on September 5, 2002 and the last payment occurred on October 17, 2003 (collectively "the transfers"). (DE 1, Exhibit A).

3.      The Complaint alleges in Counts One and Two that the transfers were fraudulent pursuant to 11 §§ U.S.C. 548(a)(1)(A)-(B) (actual and constructive fraud). In Counts Three, Four, and Five Plaintiff alleges that the pre-petition transfers were fraudulent transfers under 11 U.S.C. § 544 and New York, Florida and Virgin Islands

---

[1]      Mr. Schoenbach is an attorney licensed to practice law in New York and the U.S. Virgin Islands. He is a member of the federal bar in the U.S. Virgin Islands, among others, and as stated in the Complaint (*see* Complaint ¶ 2) maintains an office in both locations.

state law respectively. In Count Six Plaintiff alleges the transfers were preferential pursuant to 11 U.S.C. § 547. In Count Eight Plaintiff seeks to disallow claims by Defendant pursuant to 11 U.S.C. § 502(d).

## MOTION TO DISMISS

4. The Complaint is fatally defective on its face and was filed with complete disregard to ICC's internal documentation (submitted as Exhibit A to the Complaint) that contradicts its pleadings. Accordingly, it must be dismissed for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

5. More particularly, Counts One through Six of Plaintiff's complaint must be dismissed because the claims alleged are time-barred by the Statute of Limitations and accordingly fail as a matter of law. Those claims also fail because they do not set forth the minimum facts -- in fact they set forth virtually no facts -- necessary to survive a motion to dismiss. *Id.* Count Seven fails as a matter of law and must be dismissed because it is premature and also lacks the necessary judicial predicate. *Id.* Count Eight fails as a matter of law because it is inappropriately grounded in New York law. *Id.*

## MEMORANDUM OF LAW

I. **Counts One Through Six Are Time Barred And Must Be Dismissed Under Federal Rule of Civil Procedure 12(b)(6).**

An affirmative defense, such as a violation of the Statute of Limitations, may be raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the time alleged in the statement of claim on its face shows that a cause of action has not been brought within the Statute of Limitations.[2] *Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir.*

---

[2] This doctrine is often referred to as the "Third Circuit Rule." Technically, the Federal Rules of Civil Procedure require that affirmative defenses be plead in the answer. "However, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be

3

*2002); In re Reading Broadcasting, Inc.*, 390 B.R. 532 (Bankr. E.D. Pa. 2008). For a court to dismiss a complaint on the basis of the affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings. *Knit With v. Knitting Fever, Inc.*, 2009 WL 973492, at *4 (E.D. Pa. 2009). Such is the situation here. Further, a motion to dismiss based upon a Statute of Limitations affirmative defense must be granted when the pleader's allegations leave no doubt that an asserted claim is time-barred and thus an "insuperable barrier to recovery by the plaintiff." *Flight Systems, Inc., v. Electronic Data Systems Corp.*, 112 F.3d 124, 127 (3d Cir. 1997).

### A. Counts One and Two Are Time Barred By Statute

Counts One and Two of Plaintiff's complaint seek to recover alleged actual and constructive fraudulent transfers to Mr. Schoenbach from ICC pursuant to 11 U.S.C. §§ 548(a)(1)(A)-(B).

The governing statute of limitations, 11 U.S.C. §546(a) states, in relevant part, that:

> [a]ny action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of
>
> (1) the latter of
>
> (A) 2 years of the entry of the order of relief; or
>
> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1202, or 1302 of this title if such period is specified in subparagraph (A); or
>
> (2) the time the case is closed or dismissed.

The Complaint alleges that "ICC made payment(s) to or for the benefit of Defendant" as identified on Exhibit A attached to and incorporated into Plaintiff's

---

raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975).

4

Complaint. Plaintiff's Exhibit A shows transfers from ICC to Mr. Schoenbach starting on September 5, 2002. The last transfer was October 17, 2003.

Notwithstanding its own documentary evidence identified in Exhibit A, Plaintiff alleges in Counts One and Two that "within two years preceding the Petition Date, the Defendant received or was the beneficiary of certain Transfers." (DE 1,¶14,¶20). This allegation is in direct conflict with Plaintiff's own accounting in Exhibit A of the ICC transfers to Mr. Schoenbach. Defendant recognizes the well-settled law that when considering a defendant's motion to dismiss pursuant to the Federal Rules of Civil Procedure the Court must accept as true Plaintiff's facts as set forth in the Complaint. However, Plaintiff specifically references Exhibit A into its Complaint. (DE 1, ¶ 9). Thus, Plaintiff's facts, as pled, demonstrate that the last payment to Mr. Schoenbach occurred on October 17, 2003, more than four years before the Petition Date.

Importantly, the accounting shown in Exhibit A agrees with Plaintiff's allegation of the total amount of legal fees paid to Mr. Schoenbach. The accounting in Exhibit A shows total payments by ICC to Mr. Schoenbach of $201,285.57. This amount agrees with the aggregate amount Plaintiff's alleges in the complaint. (DE 1,¶9). As such, there can be no confusion or claim that other transfers exist beyond those identified in Plaintiff's Exhibit A.

The Complaint further acknowledges that the involuntary petition against ICC commenced on July 5, 2007, with an Order of Relief entered on September 21, 2007, and trustee's appointment occurring On October 4, 2007. (DE 1, ¶ 5). It is well settled that Exhibit A and not the pleading controls. "Where there is a conflict between the bare allegations of a complaint and any exhibit attached . . . the exhibit prevails." *Silver Court Nursing Center v. Sunbridge Care and Rehabilitation Center for Southern New Jersey*, 2002 WL 1000999, at *2 (Bankr. D. Del. 2002)(internal quotation

5

omitted). In *Silver Court Nursing Center*, this court dismissed plaintiff's contract claim because it sought to avoid the dispositive effect of plaintiff's own documents attached to the complaint. In so doing, the Court employed the well established rule holding that "in the event of a factual discrepancy between the pleading and the attached exhibit, the exhibit controls." *Id.*

Here, the relevant dates of the transfers between ICC and Mr. Schoenbach, as pled by Plaintiff, are the dates set forth in the accounting shown in Exhibit A. According to Plaintiff's own records, the last payment to Mr. Schoenbach from ICC on October 17, 2003 occurred <u>more than four years prior</u> to the commencement of the involuntary petition, order of relief and appointment of the trustee. This is well beyond the two-year time limit set by statute for an action for recovery.

The facts referenced by Plaintiff's Exhibit A establish without question a violation of the Statute of Limitations. The defense is clear on the face of Plaintiff's pleading and exhibit. Plaintiff seeks to avoid the dispositive effect of Plaintiff's own accounting by making rote, unsupported, and contradictory allegations in their Complaint. The uncontroverted documentary evidence attached to Plaintiff's Complaint demonstrates without a doubt that the alleged claims in Counts One and Two are time-barred and must be dismissed.

**B.    Counts Three, Four and Five Are Time-Barred By Virgin Islands Law**

Counts Three, Four, and Five of Plaintiff's complaint are "catch-all" allegations, claiming that recovery is appropriate pursuant to 11 U.S.C. § 544, which provides the trustee with the power to bring any action that a creditor can bring under state law. In Count Three Plaintiff seeks relief under New York law. In Count Four Plaintiff seeks relief under Florida law. In Count Five Plaintiff seeks relief under Virgin Islands law.

Bankruptcy courts "apply the limitations period" and the "choice of a law rules of the state in which the court sits." *ICC v. Prosser*, 2009 WL 3270765, at *1, 2 (Bankr. D.V.I. 2009). Moreover, any question regarding choice-of-law and the Statute of Limitations has already been decided *in the underlying bankruptcy case and adversary proceeding against Debtor Jeffrey Prosser*[3], and thus is controlling in this matter. Notwithstanding the law of the case, Plaintiff ignores Judge Fitzgerald's ruling on this very issue and claims application of several state laws, presumably whichever law will be to its benefit. The law -- and the law of *this* case -- is clear that questions regarding the Statute of Limitations are governed by U.S. Virgin Islands law.

Moreover, the law of this jurisdiction is equally clear: an avoidance action pursuant to § 544 for alleged fraudulent conveyance is governed by the Virgin Islands' Statute of Limitations, which is two years. If the creditor in whose place the trustee stands under § 544 would have been time barred by the Statute of Limitations on the

---

[3]     In October 2009, in the underlying case in this action, United States Bankruptcy Judge Judith K. Fitzgerald considered the application of the Statute of Limitations to an avoidance action grounded in applicable state law pursuant to § 544. See *ICC v. Prosser*, 2009 WL 3270765 (Bkrtcy. D. V.I.) At issue were three counts in trustee's adversarial proceeding seeking to avoid the transfer of certain property under § 544 and the law of New York, Florida and the Virgin Islands. The threshold issue before the Court concerned which state's fraudulent conveyance law applied, and, which Statute of Limitations law governed. The Court, relying upon *In re PHP Healthcare Corp.*, 128 Fed. Appx. 839, 843 (3d Cir. 2005) and *Bohm v. The Horsley Co.*, 333 B.R. 261, 276 (Bankr. W.D. Pa. 2005), held that bankruptcy courts "must apply the choice of law rules of the state in which they sit." *ICC v. Prosser*, 2009 WL 3270765 * at 2.
   In applying the Virgin Islands' choice of law, the Court (Fitzgerald, J.) determined that the substantive law of the state in which the property is located governs as to whether the conveyance was fraudulent. *Id*. However, as to the Statute of Limitations, the Court held that "bankruptcy courts apply the limitations period of the state in which they sit." *Id.; see also In re W.R. Grace & Co.*, 397 B.R. 701, 704 (Bankr. D.Del. 2008) (citing *In re PHP Healthcare Corp.*, 128 Fed. Appx. At 843). Accordingly, Judge Fitzgerald applied the Virgins Islands Statute of Limitations to the § 544 avoidance action. In so doing, Judge Fitzgerald acknowledged that only one case, *Fountain Valley Corporation v. Wells*, 98 F.R.D. 679, 684 (D. V.I. 1983) had addressed "the applicability of the statute of limitations to a fraudulent conveyance action." *ICC v. Prosser*, 2009 WL 3270765, at *3 n.12. Relying on *Fountain Valley*, Judge Fitzgerald held that because an action for fraudulent transfer sounds in tort, the applicable Virgin Islands' statute of limitations for an avoidance action pursuant to § 544 is two years. *ICC v. Prosser*, 2009 WL 3270765, at * 3.

7

bankruptcy petition date, then the trustee may not proceed. *Id.* at *3; *Orr v. Bernstein*, 259 B.R. 555, 559 (Bankr. N.J. 2001).

The Complaint alleges that "ICC made payment(s) to or for the benefit of Defendant" as identified in Exhibit A attached to and incorporated into Plaintiff's Complaint. The transfers to Defendant shown on Exhibit A range from September 5, 2002 to October 17, 2003. None of the transfers occur within the two-year look back period of § 544. Instead, the transfers for which Plaintiff seeks relief in Counts Three, Four and Five occurred, according to Plaintiff (Exhibit A), more than four years prior to the commencement of the involuntary petition, order of relief, and appointment of the trustee. The facts establishing the Defendant's Statute of Limitations defense are clear on the face of Plaintiff's pleading and Exhibit. There is no doubt that the alleged claims in Counts Three, Four and Five are time-barred and must be dismissed.

### C.  Count Six is Time-Barred By Statute

In Count Six Plaintiff seeks to recover alleged preferential transfers to Defendant pursuant to 11 U.S.C. § 547. "Under 11 U.S.C. § 547(b) the trustee for the debtor may void certain money transfers from the debtor to a creditor if those transfers occurred during the 90 days prior to the bankruptcy petition." *Enron v. Granite Construction Co.*, 2006 WL 2400369, at *8-9 (Bankr. S.D.N.Y. 2006). The Complaint alleges that "ICC made payment(s) to or for the benefit of Defendant" as identified in Exhibit A attached to and incorporated into Plaintiff's Complaint. According to Exhibit A the transfers occurred between September 5, 2002 and October 17, 2003 – between four (4) and five (5) years prior to the filing of the bankruptcy petition. Notwithstanding this fact, Plaintiff alleges in Count Six that "the transfers were made on or within 90 days before the Petition Date."(DE 1,¶61). This allegation directly conflicts with Plaintiff's accounting of the ICC transfers to Mr. Schoenbach set

8

forth by Plaintiff in Exhibit A which shows the last transfer to Mr. Schoenbach occurring on October 17, 2003. Importantly, the accounting shown in Exhibit A agrees with Plaintiff's allegation of the total amount of transfers to Mr. Schoenbach. The accounting in Exhibit A shows total payments by ICC to Mr. Schoenbach of $201,285.57. This is the exact amount Plaintiff's alleges in the Complaint. (DE 1, ¶9).

It is well settled that, as detailed above, Plaintiff's documentary evidence (i.e. Plaintiff's Exhibit A) and not the pleading controls. Hence, the Court must accept as true that the relevant dates of the transfers between ICC and Mr. Schoenbach are the dates as set forth by Plaintiff in the accounting shown in Exhibit A.

Even assuming the liberal pleading standards and deference accorded to a pleading at this stage of the proceedings, this count must be dismissed because it alleges no set of facts that establishes that Plaintiff may be entitled to relief. The claim alleged by Plaintiff in Count Six occurred, not 90 days before the petition, but instead more than four years prior to the commencement of the involuntary petition, order of relief and appointment of trustee in this case. The facts establishing the Defendant's Statute of Limitations defense are clear on the face of Plaintiff's pleading and Exhibit.

Count Six is time-barred and must be dismissed.

II. **Plaintiff's Cause of Action Should Be Dismissed For Failure to State A Claim Upon Which Relief Can Be Granted.**

    A. **Counts One And Two Fail To Allege A Factual Basis For Actual Or Constructive Fraud; Counts Three, Four, and Five Fail To Allege A Nexus To The State Law Applied**

Counts One and Two fail to set forth any facts in support of Plaintiff's alleged claim that the payments made to Mr. Schoenbach by ICC in 2002 and 2003 were fraudulent pursuant to 11 U.S.C. §548(a)(1)(A)-(B). Federal Rule of Civil Procedure 9(b) requires Plaintiff to plead the circumstances of the alleged fraud with enough particularity to ensure that defendant has notice of the "precise misconduct" with

9

which he is charged and to safeguard "against spurious charges of fraud." *Craftmatic Securities Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (internal quotations omitted).

In the instant Complaint, Plaintiff has merely parroted the language of the statute without pleading any facts in support of the allegation. Plaintiff unacceptably couches legal conclusions as fact. For example, Plaintiff alleges (*see* Complaint, ¶ 10) that "such Transfers were for Defendant's legal representation of third parties concerning matters unrelated to New ICC or its businesses." The Complaint then concludes that, because of such "representation of third parties" New ICC received no consideration. Nowhere does the complaint set forth any facts to support this naked allegation; no "third party" client is identified, the legal work provided by defendant is never offered (to presumably show that New ICC received no consideration) nor is the legal work itself ever identified. Further, in ¶ 11 the Complaint states that such legal work was provided "at Prosser's direction – with an actual intent to hinder, delay, or defraud present or future creditors of New ICC." No facts are provided in the Complaint to show defendant *how* either Prosser[4] or defendant "hindered, delayed, or defrauded" anyone.

Accordingly, the fraudulent conveyance claims in Count One and Two should be dismissed.

Title 11 U.S.C. § 544 provides that the trustee in a bankruptcy action can bring any action that a creditor can bring under state law. In Count Three Plaintiff advances a claim under § 544 and New York law. To do so, Plaintiff must set forth facts which allege some nexus between the property sought to be recovered and New York. It is

---

[4] According to the Complaint, "Jeffrey J. Prosser was (during the relevant time period) an officer and director and control party of New ICC, and the sole member of its ultimate parent company, ICC-LLC." *See* DE 1, ¶ 7.

10

well established that under section § 544 the application of substantive state law rests upon the "location of the real property." *ICC v Prosser*, 2009 WL 3270765, at *2. The Complaint fails to set forth *any fact* that speaks to an association between the transfers alleged and New York. Similarly, in Count Four, Plaintiff advances a claim under § 544 and Florida law. Once again, the Complaint fails to set forth *any fact* or set of facts which speak to an association between the transfers alleged and Florida. Finally, in Count Five, Plaintiff advances a claim under § 544 and Virgin Islands law. The Complaint fails to set forth any fact or set of facts, other than the business relationship between ICC and the Virgin Islands, which speak to an association between the transfers and the Virgin Islands.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must demonstrate that there is more than a conceivable possibility of an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1939 (2009). A complaint has to be more than speculative -- it has to be "plausible on its face" as opposed to being merely "conceivable." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 547 (2007). Moreover, pleadings that "are no more than conclusions are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1939. The Complaint's allegations must "plausibly" suggest a nexus between the defendant's alleged conduct and the plaintiff's injury and relief sought. *Id.* According to *Iqbal*, judges should use their "common sense" and dismiss even factually specific complaints when the allegations have obvious alternative explanations. *Id.* Finally, it is well established that bald asserts and conclusions of law are insufficient, without more to support a claim for relief. *Copper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998) "In considering a motion to dismiss, it is not the legal theory, but, rather the factual allegations that matter." *Enron v. Granite Construction Co.*, 2009 WL 2400369, at * 4 (Bankr. S.D. N.Y. 2009).

11

In this Complaint, the allegations are at best speculative. They are not plausible on their face because they consist of nothing more than a recitation of legal theory buttressed by mere conclusions. They are devoid of any factual support. Moreover, the dispositive effect of Plaintiff's own documentary evidence set forth in Exhibit A contradicts the bare-bones allegation advanced in Counts One through Five. Further, no allegations of fraud, either actual or constructive, are suggested, much less factually supported. No facts are pled and no claims are made of any impropriety involving Mr. Schoenbach's receipt of ICC's funds for legal work he provided to the company.

The only fact that the Complaint demonstrates is that the payments made to Mr. Schoenbach in 2002 and 2003 for his legal services are time-barred because the payments occurred well outside the look-back period applicable for the avoidance action.

Accordingly, pursuant to Rule 12(b)(6) Counts One through Five of Plaintiff's Complaint must be dismissed.

### B. Count Seven is Premature and Lacks The Necessary Judicial Predicate

In Count Seven Plaintiff seeks to disallow claims by Mr. Schoenbach pursuant to 11 U.S.C. § 502(d). The complaint does not identify any such claims because Mr. Schoenbach has not lodged any claims.

Section 502(d) of the Bankruptcy Code provides for disallowance of:

> any claim of any entity from which property is recovered under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title . . .

"The purpose of § 502(d) is to ensure compliance with judicial orders." *Logan v. Credit General Insurance Co.*, 331 B.R. 580, 587 (Bankr. D.Del. 2005). Application of § 502(d) is not triggered until -- and unless -- the trustee successfully prosecutes an

12

avoidance action. *Marketing Resources International Corp v. PTC Corp.*, 35 BR 353, 356 (Bankr. E.D. Pa. 1984). Section 502(d) is only relevant when two elements are present: (1) a party has filed a claim, and (2) the party refuses to comply with a judicial order. At that time, the court must disallow the party's claim pursuant to § 502(d). *Id.*

Mr. Schoenbach has not filed a claim against ICC. As such, there is no claim to disallow. *ICC v Prosser*, 2009 WL 3270765, at *14. Moreover, Mr. Schoenbach has not failed to comply with a judgment "to warrant application of § 502(d)" because there is no judgment against him. Thus, the Complaint fails to plead any facts in support of its claim to disallow under §502(d).

Plaintiff's claim is, at best, premature and lacks the necessary judicial predicate. It must therefore be dismissed.

### C.     Count Eight Fails To Allege A Factual Or Legal Basis For an Award of Attorneys Fees

In Count Eight Plaintiff alleges that it is entitled to recover attorneys' fees and costs but fails to set forth authority in the Bankruptcy Code, or elsewhere for any such entitlement. The Complaint alludes to New York Civil Practice Law as a basis for an attorney fee award, but has not set forth any facts that allow for the application of New York law.

Accordingly, Count Eight should be dismissed because it fails to set forth a claim upon which relief may be granted.

### III. An Award of Attorney's Fees in Favor of Defendant is Warranted

#### A. Plaintiff Performed No Due Diligence to Determine the Factual Propriety of the Claim Against Defendant; Filed a Complaint that Contradicted its own Documentary Evidence; and Blatantly Disregarded the Law of the Case as well as law of the U.S. Virgin Islands

The law provides that an award of attorney's fees (and sanctions[5]) is appropriate where a party acts in wanton disregard to the facts and/or the law of a particular case. Both situations exist here.

In filing its Complaint against an attorney who practices law in the same court where the action was brought, Plaintiff wholly ignored both the facts and the law in making its baseless allegations. It has cast serious aspersions of impropriety against an attorney, accusing him of *actual* fraud, in a jurisdiction so small that any complaint against a licensed attorney is salacious public knowledge.

Contrary to the facts it alleged in its own exhibit (*see* Plaintiff's Exhibit A) Plaintiff made allegations so specious that it is apparent no attempt was made to investigate them with due diligence. Further, Plaintiff in bringing this Complaint ignored that the court in the underlying *Prosser* cases had already determined there was a two-year Statute of Limitations and that the law of the Virgin Islands controls.

Accordingly, this Honorable Court should award attorney's fees to defendant in an amount not less than $25,000.

---

[5]  Defendant is not making in this motion and the incorporated Memorandum of Law any request for sanctions against Plaintiff or his attorneys pursuant to Fed. R. Civ. P. 11. Defendant recognizes that such "a motion for sanctions must be made separately from any other motion . . . and must describe the specific conduct. . . The motion must be served under Rule 5 but it must not be filed or be presented to the court if the challenged paper, claim . . . is withdrawn or appropriately corrected within 21 days after service. . . "

14

## CONCLUSION

Plaintiff's Complaint must be dismissed as it is fatally defective on its face and was filed with disregard to Plaintiff's own documentary evidence (submitted as Exhibit A to the Complaint) that contradicts its pleadings. As shown above, Counts One through Six of Plaintiff's Complaint must be dismissed because the claims alleged are time-barred by the Statute of Limitations and accordingly fail as a matter of law. Counts Seven is premature and lacks the necessary judicial predicate. Count Eight fails to plead any basis for the imposition of attorneys' fees.

**WHEREFORE**, based upon the foregoing Defendant Lawrence H. Schoenbach, respectfully asks the Court to grant this Motion and enter an Order dismissing all claims alleged against him in Plaintiff's Adversary Complaint with prejudice, and, without leave to re-plead, and granting such other and further relief as this Court deems just and proper.

Dated: November 20, 2009

                                          Respectfully submitted,

By:       /s/ Lawrence H. Schoenbach
           —————————————————

LAWRENCE H. SCHOENBACH, ESQ.
U.S.V.I. Bar No. 770
The Law Office of Lawrence H. Schoenbach
111 Broadway, Suite 1305
New York, New York 10006
Telephone: 212 346-2400
Facsimile: 212 937-3100
Email: schoenbachlawoffice@att.net

*For Defendant*
*Lawrence H. Schoenbach, Esq. pro se*

15

## CERTIFICATE OF SERVICE

I, LAWRENCE H. SCHOENBACH, ESQ. HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss was served by United States mail, postage prepaid, electronic mail (e-mail), and CM/ECF filing, on the 20th day of November 2009 upon the persons or entities listed below:

Daniel C. Stewart, Esq.
James J. Lee, Esq.
Michaela C. Crocker, Esq.
VINSON & ELKINS L.L.P.
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, TX 75201

Benjamin A. Currence, Esq.
Law Office of Benjamin A. Currence
5045 Norre Gade, Suite 2
St. Thomas, VI 00804-6143

/s/ Lawrence H. Schoenbach
———————————————
Lawrence H. Schoenbach, Esq.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
BANKRUPTCY DIVISION

In re:

INNOVATIVE COMMUNICATIONS
CORPORATION,

Debtor.
_____/

Chapter 11
Case No. 07-30012-JFK

STAN SPRINGEL, CHAPTER 11
TRUSTEE OF THE BANKRUPTCY
ESTATE OF INNOVATIVE
COMMUNICATION CORPORATION,

Plaintiff,

- against -

LAWRENCE H. SCHOENBACH, ESQ.,

Defendant.
_____/

Adv. Proc. No 09-03088-MFW

Hearing Date:
Objection Deadline:
Related to: Docket Entry 1

**ORDER ON DEFENDANT'S MOTION TO DISMISS
IN LIEU OF ANSWER PURSUANT TO FED. R. BANKR. PROC. 7012
AND FED. R. CIV. R. 12 (b)**

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss filed pursuant to Fed. R. Bankr. Proc. 7012 and Fed R. Civ. Proc.12(b). The Court, having considered the pleadings and memoranda of the parties as well as the argument of counsel finds that Defendant's Motion should be granted.

**ACCORDINGLY,** it is hereby Ordered that Plaintiff's Complaint be, and same hereby is, dismissed with prejudice. It is further hereby Ordered that

1

within ____ days of the date of this Order Defendant shall submit and affidavit in support of its request for attorney's fees.

Dated this ____ day of _____ 2009.

                                                                            _____
Honorable Mary F. Walrath
United States Bankruptcy Judge

2